# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **EBONY AKIA BROWN,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 7:21-CV-00963-RDP |
| **ERIC TYLER STOKES, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

Before the court is Plaintiff's Motion to Remand. (Doc. # 6). The Motion has been fully briefed and is ripe for decision. (Docs. # 7, 10, 11). For the reasons discussed below, the Motion (Doc. # 6) is due to be granted.

**I.      Background**

Plaintiff filed her claim in the Circuit Court of Sumter County, Alabama. (Doc. # 1-1 at 2-12). The case arises from an automobile accident, and, in addition to several fictitious parties, Plaintiff named Eric Tyler Stokes, B.E.E. Trucking, LLC, and the City of York, Alabama as defendants. (*Id.* at 3, 5-6). Plaintiff is a resident of Alabama. (*Id.* at 5). Defendant Stokes is a resident of Mississippi, and Defendant B.E.E. is a foreign corporation doing business in the state of Alabama. (*Id.*) But the City of York is an incorporated city in Alabama. (*Id.*)

Plaintiff alleges that she suffered permanent injury after a log fell from a trailer being hauled by Stokes in the scope of his employment with B.E.E. (*Id.* at 6). Plaintiff brought a negligence and wantonness claim against Stokes and a negligent entrustment claim against B.E.E. (*Id.* at 5-7). Plaintiff also alleges that the accident occurred while she was driving on "4th Avenue in or near York, Sumter County, Alabama." (*Id.* at 5-6). Consequently, Plaintiff asserted three

claims against the City: (1) negligent maintenance of the roadway, (2) wantonness and recklessness in allowing unsafe driving conditions, and (3) failure to warn motorist of unsafe conditions. (*Id.* at 7-11).

Defendants Stokes and B.E.E. removed the case to this court arguing that the court has subject matter jurisdiction based on diversity of citizenship because Plaintiff fraudulently joined the City as a defendant. (Doc. # 1).

## II.  Standard of Review

A removing party bears the burden of establishing the federal court's subject matter jurisdiction over a case. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Courts strictly construe removal statutes, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

The burden on the removing party to prove fraudulent joinder is a "heavy one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 1333 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute*, 28 U.S.C. § 1441(a), on other grounds as recognized in *Stillwell*, 663 F.3d at 1333). In the years since *Crowe*, the Eleventh Circuit has clarified this standard by acknowledging that a mere "theoretical" possibility is insufficient; instead, courts should apply a "reasonable possibility" standard when determining if joinder is proper. *Legg v. Wyeth*, 428 F.3d 1317, 1324 (11th Cir. 2005). Reasonable possibility means more than a shot in the dark. It does not, for example, include "a possibility that a designated

residence can be hit by a meteor tonight." *Id.* (citing *Braden v. Wyeth*, 2004 WL 3569804, at *1 (N.D. Ala. June 30, 2004)). Further, any ambiguities in the state substantive law must be resolved in the plaintiff's favor. *Stillwell*, 663 F.3d at 1333.

## III.    Analysis

For a federal court to have diversity jurisdiction over a case, the amount-in-controversy must exceed $75,000 and there must be complete diversity between the parties. 28 U.S.C. § 1332 (2018). Additionally, in the context of removal jurisdiction, a federal court must remand a case when a defendant is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b)(2) (2018).

Here, the City is not diverse from Plaintiff, and the City is a resident-defendant of Alabama. That is not in dispute. To overcome these problems, Defendants Stokes and B.E.E. claim that "Plaintiff fraudulently joined the City … to defeat diversity and avoid removal." (Doc. # 10 at 1). The court disagrees. There is a reasonable possibility that Plaintiff's claims against the City provide a valid cause of action in an Alabama state court. Thus, the presence of the City defeats diversity jurisdiction and violates the resident-defendant rule for removal jurisdiction.

There are three circumstances that constitute fraudulent joinder. The first is where "there is no possibility that the plaintiff would be able to establish a cause of action against the [nondiverse] defendant in state court." *Coker*, 709 F.2d at 1440. The second is where "the plaintiff has fraudulently [pleaded] jurisdictional facts to bring the [nondiverse] defendant into state court." *Henderson v. Washington Nat'l Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006). The third is "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the

claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Defendants only argue the first circumstance is in play here. They contend "there is no possibility that Plaintiff can prove the causes of action asserted against the City, the resident defendant." (Doc. # 1 at 6). As a result, the only issue the court must decide is whether Defendants met their heavy burden of proving that there is no reasonable possibility that Plaintiff could establish one of the asserted causes of action against the City in state court.

Defendants maintain that removal is proper because (1) "it was incumbent on Plaintiff to plead her Complaint in such a manner that would, at the very least, suggest that the City was either granted some control over the roadway or that a condition within the province of [Ala. Code 1975 §] 23-1-113 applied" and (2) the City had no control over 4th Avenue so Plaintiff cannot bring a viable claim against the City. (Doc. # 10 at 9). The court disagrees. The first argument fails because Defendants bear the burden to prove the fraudulent joinder of the City after all factual inferences are made in Plaintiff's favor. And, the second argument fails because any ambiguity in Alabama substantive law is interpreted in Plaintiff's favor.

### A.  Under Alabama's Notice Pleading, Plaintiff Properly Asserted that the City Had Some Control over the Road Conditions of 4th Avenue.

Alabama state courts apply the permissive pleading standard from *Conley v. Gibson*, which established: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957); *see Bowling v. Pow*, 301 So. 2d 187 (Ala. 1974) (adopting the *Conley* standard for Alabama courts). Accordingly, Alabama courts require only that a complaint include "a generalized statement of facts which will support a claim for relief under

[Rule] 8."[1] *Simpson v. Jones*, 460 So. 2d 1282, 1285 (Ala. 1984) (quoting *Dunson v. Friedlander Realty*, 369 So. 2d 792, 796 (Ala. 1979)). In fact, Alabama courts have held that "every reasonable intendment and presumption must be made in favor of the pleader." *Johnson v. City of Mobile*, 475 So. 2d 517, 518 (Ala. 1985) (citing *B&M Homes, Inc. v. Hogan*, 376 So. 2d 667 (Ala. 1979)).

In Count Three of her complaint, Plaintiff alleges "[t]he City of York, Alabama, did so negligently maintain their roadways." (Doc. # 1-1 at 7-8). In Count Four, Plaintiff asserts that the City's wantonness and recklessness caused 4th Avenue to be unsafe. (*Id.* at 8-10). And in Count Five, Plaintiff contends that the City "negligently and wantonly fail[ed] to warn motorist of the dangerous conditions." (*Id.* at 10-11). A reasonable presumption that follows Plaintiff's allegations is that the City had the ability to maintain and control the conditions on 4th Avenue. Also, in Count Three, Plaintiff referred to 4th Avenue as "their roadways." (*Id.* at 8). If the claims themselves do not put the City on notice that Plaintiff alleges that the City possessed control over 4th Avenue, then the use of the possessive pronoun definitively satisfies the *Conley* standard.

As a result, after every factual intendment is read in Plaintiff's favor, Defendant's argument that Plaintiff did not plead sufficient facts to state a viable claim against the City is not persuasive. Based upon *Conley*, and in light of the fraudulent joinder standard applicable here, Plaintiff's complaint properly alleges that the City had control over 4th Avenue. It is Defendants' burden to prove fraudulent joinder. They have not done so.

**B.     Under Alabama Substantive Law, There is a Reasonable Possibility that Plaintiff Has Stated a Valid Cause of Action Against the City.**

Under Alabama law, "[t]he test for determining whether … a municipality has a duty to maintain a roadway is whether it has a right to control, or to participate in the control, of the

---

[1] Rule 8 of the Alabama Rules of Civil Procedure requires a pleading to contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." Ala. R. Civ. P. 8.

5

roadway." *Garner v. Covington County*, 624 So. 2d 1346, 1350 (Ala. 1993). Alabama Code 1975 §§ 23-1-112 and 23-1-113 define the scope of maintenance and repair responsibilities between ALDOT and Alabama cities concerning municipal connecting link roads.[2]

Section 23-1-112 provides that "[ALDOT] is hereby authorized, empowered, directed, and required to maintain and repair, under its control and supervision, such designated municipal connecting link roads … and is authorized to enter into any and all contracts, inclusive of agreements with cities and towns … for such purpose." But, as § 23-1-113 provides, a city shall "perform routine clean-up operations such as removal of leaves, trash, [and] soil from gutters … and catch basins"; "be responsible for the trimming and maintenance of all trees and shrubbery within the right-of-way of the street"; jointly control traffic with the state; jointly approve speed zones with the state; and, "have authority to make any repairs to city or town facilities underground or overhead."[3]

In addition to the possibility that ALDOT contracted with the City to maintain or supervise 4th Avenue under § 23-1-112, the subsequent provision demonstrates that ALDOT does not have *exclusive* control of maintaining 4th Avenue. Section 23-1-113 explicitly directs the City to participate in the maintenance and safety operations of the road. The statute informs the City that it is responsible for the clean-up of gutters and catch basins as well as trimming shrubbery that may interfere with traffic. In addition, the statute notes that traffic control, establishing speed zones, and placing traffic lights are joint responsibilities of the City and state. The statute also

---

[2] As a "route of connection between or extension of state roads in the Alabama state highway system," 4th Avenue is a municipal connecting link road. *See* Ala. Code 1975 § 23-1-110.

[3] Defendant argues that *Harris v. Macon County*, 579 So. 2d 1295 (Ala. 1991) demonstrates that ALDOT has exclusive control over 4th Avenue. However, in *Harris*, the question was whether a county had the ability to maintain and control an intersection between a highway and county road. That *Harris* involved an Alabama county is an important distinction because § 23-1-113 gives cities and towns (rather than counties) the ability to participate in the maintenance of municipal connecting link roads like 4th Avenue.

grants cities "the authority to make any repairs to city … facilities underground or overhead without asking permission of the state."[4]

Defendants have not shown that under Alabama law there is no possibility that the City of York had a right to participate in the control of 4th Avenue. A factual inquiry is needed to determine whether 4th Avenue was unsafe at the time of the accident, and, if so, what factors caused the road to be dangerous. Only after such a factual inquiry as this would it be clear whether the City or ALDOT is the alleged responsible party.[5] As a result, there is a reasonable possibility that Plaintiff could establish one of the three causes of actions she asserted against the City. Thus, Plaintiff did not fraudulently join the City to this action, and the case is due to be remanded.

**IV.    Conclusion**

The court concludes that Plaintiff did not fraudulently join the City. As a result, the court lacks subject matter jurisdiction over this action. Accordingly, Plaintiff's Motion to Remand (Doc. # 6) is due to be granted. A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this September 17, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[4] This authority is in conjunction with the city's responsibility to "repair, in a manner satisfactory to the state, any pavement disturbed in any work [it does]."

[5] The Alabama Supreme Court has stated "ALDOT controls the public roads of this State." *Hosea O. Weaver & Sons Inc. v. Balch*, 142 So. 3d 479 (Ala. 2013). However, *Hosea* concerned whether a private company was liable for the construction of the road after ALDOT found the work satisfactory and assumed maintenance responsibilities. Here, the issue is whether an Alabama city had any duty to maintain a road or provide warnings about alleged dangerous conditions on the roadway.